James H. Cossitt (Mont #4773)
Jeffrey K. Greenwell (Mont # 9250)
James H. Cossitt, PC
40 2ND ST E STE 202
KALISPELL MT 59901-6112
Tel: 406-752-5616
Email: jhc@cossittlaw.com
*ATTORNEY FOR KRAMER*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| IN RE: | CASE #04-62762-RBK-7 |
| STANLEY E. JARVAR, BARBARA J. KRAMER-JARVAR | |
| DEBTOR(S). | |
| BARBARA KRAMER, | Adv. Pro. No. 09-028 |
| Plaintiff, | |
| v. | |
| TITLE CASH OF MONTANA, INC., EZ TITLE PAWN, INC., and HUTCHESON ENTERPRISES, INC. | |
| Defendants | |

**NOTICE OF DEPOSITION**

TO: Title Cash of Montana, Inc.; Roy Hutcheson, as President thereof:

PLEASE TAKE NOTICE that, you are hereby notified that the undersigned, pursuant FRBP 7030 shall cause to be taken the oral deposition of Roy Hutcheson on the 17th day of November, 2009, commencing at 0900 MST and continuing until completed, at James H. Cossitt, P.C., 40 2nd St. E. Ste. 202, Kalispell, MT 59901-6112, before a certified shorthand reporter on behalf of the Plaintiff herein, to be used in accordance with the Federal Rules of Bankruptcy Procedure relating to depositions.

Pursuant to FRBP 7030 the Plaintiff requests the deponent produce the following documents at the time of the deposition:

**DEFINITIONS AND INSTRUCTIONS**

A.  "You" or "Your" shall mean Title Cash of Montana, Inc. (as defined below).

B.  "Title Cash" shall mean Title Cash of Montana, Inc., and any of its current and/or former agents, employees, attorneys, servants, financial advisors, representatives, affiliates or other persons purporting to act on its behalf, including, but not limited to, Hutcheson Enterprises, Inc. and EZ Title Pawn, Inc.

C.  "Hutcheson" means Hutcheson Enterprises, Inc., a registered corporation with the State of Alabama, corporation number 211-628, having its place of incorporation as Madison County, and its principal address as Huntsville, Alabama.

D.  "EZ Title" means EZ Title Pawn, Inc., which is registered to do business in Montana, having its principal office address as Huntsville, Alabama.

E.  "Kramer" shall mean Barbara Kramer, formerly known as Barbara J. Kramer-Jarvar.

F.  The term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Title Cash, or of which Title Cash has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements,

tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mineographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

G.  "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

H.  "Information" shall mean knowledge gained through study, communication, research, instruction, etc.

I.  "Kramer Loans" means both:

 a. the "promissory note loan agreement and security agreement," Loan #767 (also referred to as "Loan #767");

 b. the "promissory note loan agreement and security agreement," Loan #768 (also referred to as "Loan #768");

 c. any corresponding documents Kramer was required to sign to complete Loan #767; and

 d. any corresponding documents Kramer was required to sign to complete Loan #768.

J.  "Market Value" shall mean a type of value, stated as an opinion, that presumes the transfer or sale of a property as of a certain date, as a going concern for a highest and best use, as set forth in the definition of the term identified by the appraiser as applicable in an appraisal.

K.  "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, union, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

L.  The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires.

M.  The plural shall include the singular and the singular shall include the plural as the context requires.

## DOCUMENT REQUESTS

1. All documents and checks relating to any payment by Title Cash, Hutcheson or EZ Title, including payments to attorneys, involving any aspect of the Kramer Loans (including, but not limited to, bankruptcy proceedings, Department of Administration proceedings and this proceeding).

2. All documents relating to all loan applications, financial statements, balance sheets, tax returns and any other documents submitted by Kramer to Title Cash to apply for the loans or for any purpose.

3. All documents relating the loan applications, credit analysis, loan review and other related documents used by or obtained by Title Cash in the loan approval process of the loans.

4. All documents relating to any correspondence, letters, emails or other communications with any party regarding any aspect of the loans.

5. All documents relating to credit file memoranda, internal credit file notes relating in any way to the loans and the liquidation or collection of any collateral.

6. All documents relating to any communications with prospective purchasers of the collateral associated with the loans.

7. All documents related to all proofs of claim filed in case 01-53527.

8. All documents relating to all communications with Trustee Drummond.

9. All documents relating to how any sale proceeds were applied to the loans.

10. All documents relating to Matthew Knamee and / or any other person relating to the repossession of the collateral listed in the loans.

11. All documents relating the dates & amounts of each payment on the loans showing how the payment was applied (principal or interest).

12. All documents relating to the manner in which Title Cash responded to the demand for return of the vehicle pursuant to lawsuit Cause No. DV-08-978B, Kramer vs. Title Cash.

13. All correspondence between Title Cash and its counsel.

14. All documents relating to the corporate structure of Title Cash at the time of the Kramer Loans;

15. All documents relating to all changes to the corporate structure of Title Cash from 2001 to the present;

16. All documents relating to the past and present relationship of Title Cash to EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Title Cash;

17. All documents relating to the past and present relationship of Title Cash to Hutcheson Enterprises, Inc. and the legal structure and relationship, if any, to Title Cash;

18. All documents relating to the past and present relationship of EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Hutcheson Enterprises, Inc.;

19. All documents relating to the provisions made for the assumption of the liabilities of Title Cash as part of the dissolution;

20. All documents relating to the dissolution of Title Cash;

21. All documents relating to the lending policies and procedures of Title Cash at the time the Kramer Loans were made and through the present at the time the collection decisions were made;

22. All documents relating to how and by whom Title Cash obtained financing for the Kramer's 1999 Suburban;

23. All documents relating to how and by whom loan administration decisions were made on the Kramer Loans throughout the life of the loans;

24. All documents relating to how and by whom loan administration decisions were made to take into account the impact of Kramer's bankruptcy case numbers: (1) 01-53527; (2) 03-63421; and (3) 04-62762;

25. All documents relating to how and by whom loan administration decisions were made to conduct the state court litigation Case #DV-08-978B between Title Cash and Kramer;

26. All documents relating to the Market Value of vehicles throughout the entire life of the loans;

27. All documents relating to amount or proposed amount the Kramer Loans, and why the amount of the Kramer Loans was split between promissory note loan agreement and security agreements #767 and #768;

28. All documents relating to collateral used or contemplated to be used to secure the Kramer Loans;

29. All documents relating to pleadings and documents (including the proofs of claim) filed on behalf of Title Cash regarding Kramer's State and Bankruptcy litigation;

30. All documents relating to employees and any other persons who represented Title Cash from 01/01/2001 to the present date, their roles in the Kramer Loans, the decisions they made, the reasons for the decisions made on administration of this loan;

31. All documents relating to creating a fictitious Vehicle Identification Number for the Kramer Loans;

32. All documents relating to negotiations, communications, settlements, and documents filed with the Department of Administration, Division of Banking and Financial Institutions;

33. All documents relating to the application of payments in the Kramer

Loans;

34. All documents relating to filing and obtaining lien notices from the Department of Motor Vehicles for all loans including Kramer's Loan;

35. All documents relating to record keeping at Title Cash; and

36. All documents relating to decisions to repossess Kramer's 1999 Chevrolet Suburban.

WHEREFORE, Plaintiff files this Notice of deposition of Roy Hutcheson, as President of Title Cash of Montana, Inc.

Dated: October 23, 2009

/s/ *Jeffrey K. Greenwell*

James H. Cossitt (Mont. # 9250)
*ATTORNEY FOR PLAINTIFF*

**The following have been served by email:**

Eric Hummel
e.hummel@montanaskv.net
*Attorney for Plaintiff*

Barbara Kramer
Psatin88@yahoo.com
*Plaintiff*

Thane Johnson
johnsonth@centurytel.net
*Attorney for Defendant*
*Emailed and Hand Delivered*

CERTIFICATE OF SERVICE BY MAIL

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on October 23, 2009. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ *Cindy Grammo*

James H. Cossitt (Mont #4773)
Jeffrey K. Greenwell (Mont # 9250)
James H. Cossitt, PC
40 2ND ST E STE 202
KALSPELL MT 59901-6112
Tel: 406-752-5616
Email: jkg@cossittlaw.com
*ATTORNEY FOR KRAMER*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>STANLEY E. JARVAR,<br>BARBARA J. KRAMER-JARVAR<br><br>DEBTOR(S). | CASE #04-62762-RBK-7 |
| BARBARA KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>TITLE CASH OF MONTANA, INC.,<br>EZ TITLE PAWN, INC., and<br>HUTCHESON ENTERPRISES, INC.<br><br>Defendants | Adv. Pro. No. 09-028 |

### NOTICE OF TAKING RULE 30(B)(6) DEPOSITION OF DEFENDANT TITLE CASH OF MONTANA, INC

**TO:   DEFENDANT AND THE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Barbara Kramer ("Kramer"), by counsel, will take the deposition upon oral examination of one or more officers, directors, managing agents of Defendant, Title Cash of Montana, Inc. ("Title Cash"), or other persons who consent to testify on Title Cash's behalf. Said deposition will be taken on November 17, 2009 at 1:00 P.M. MST, at James H. Cossitt, P.C., 40 2nd St. E. Ste. 202, Kalispell, MT 59901-6112, which provides Title Cash with sufficient opportunity to determine who will testify on its behalf regarding the subject matters set forth in this notice. Said deposition will be taken pursuant to the Federal Rules of Civil Procedure upon oral examination before a Notary Public and Certified Shorthand Reporter.

A list of the matters on which examination is requested is set forth below. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Title Cash is required to designate the person or persons who will testify on Title Cash's behalf regarding the matters set forth below, and for each such person designated, Title Cash must indicate which matters each such person will testify. Such person or persons must testify as to matters known or reasonably available to Title Cash regarding the particular matter as to which such persons are designated to testify on Title Cash's behalf.

### DEFINITIONS AND INSTRUCTIONS

A.   "You" or "Your" shall mean Title Cash of Montana, Inc. (as defined below).

B.   "Title Cash" shall mean Title Cash of Montana, Inc., and any of its current

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc.          Page 1 of 11

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc.          Page 2 of 11



and/or former agents, employees, attorneys, servants, financial advisors, representatives, affiliates or other persons purporting to act on its behalf including, but not limited to, Hutcheson Enterprises, Inc. and EZ Title Pawn, Inc.

C.  "Hutcheson Enterprises, Inc." means Hutcheson Enterprises, Inc, a registered corporation with the State of Alabama, corporation number 211-628, having its place of incorporation as Madison County, and its principal address as Huntsville, Alabama.

D.  "EZ Title Pawn, Inc." means EZ Title Pawn, Inc., which is registered to do business in Montana, having its principal office address as Huntsville, Alabama.

E.  "Kramer" shall mean Barbara Kramer, formerly known as Barbara J. Kramer-Jarvar.

F.  The term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Title Cash, or of which Title Cash has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

G.  "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc.          Page 3 of 11

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc.          Page 4 of 11

plural as the context requires.

H. "Information" shall mean knowledge gained through study, communication, research, instruction, etc.

I. "Kramer Loans" means both:

    a. the "promissory note loan agreement and security agreement," Loan #767 (also referred to as "Loan #767");

    b. the "promissory note loan agreement and security agreement," Loan #768 (also referred to as "Loan # 768");

    c. any corresponding documents Kramer was required to sign to complete Loan #767; and

    d. any corresponding documents Kramer was required to sign to complete Loan #768.

J. "Market Value" shall mean a type of value, stated as an opinion, that presumes the transfer or sale of a property as of a certain date, as a going concern for a highest and best use, as set forth in the definition of the term identified by the appraiser as applicable in an appraisal.

K. "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, union, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

L. The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires.

M. The plural shall include the singular and the singular shall include the

plural as the context requires.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Information regarding all communications and/or negotiations between Title Cash leading up to and/or regarding the Kramer Loan, including but not limited to following subject matters:

    a. The corporate structure of Title Cash at the time of the Kramer Loans;

    b. All changes to the corporate structure of Title Cash from 2001 to the present;

    c. The past and present relationship of Title Cash to EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Title Cash;

    d. The past and present relationship of Title Cash to Hutcheson Enterprises, Inc. and the legal structure and relationship, if any, to Title Cash;

    e. The past and present relationship of EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Hutcheson Enterprises, Inc.;

    f. What provisions were made for the assumption of the liabilities of Title Cash as part of the dissolution;

    g. All matters related to the dissolution of Title Cash;

    h. The lending policies and procedures of Title Cash at the time the Kramer Loans were made and through the present at the time the collection decisions were made;

    i. How and by whom Title Cash obtained financing for the Kramer's 1999 Suburban;

    j. How and by whom loan administration decisions were made on the Kramer Loans throughout the life of the loans;

k. How and by whom loan administration decisions were made to take into account the impact of Kramer's bankruptcy case numbers: (1) 01-53527; (2) 03-63421; and (3) 04-62762;

l. How and by whom loan administration decisions were made to conduct the state court litigation Case #DV-08-978B between Title Cash and Kramer;

m. The Market Value of vehicles throughout the entire life of the loans;

n. The amount or proposed amount the Kramer Loans, and why the amount of the Kramer Loans was split between promissory note loan agreement and security agreements #767 and #768;

o. The collateral used or contemplated to be used to secure the Kramer Loans;

p. All pleadings and documents (including the proofs of claim) filed on behalf of Title Cash regarding Kramer's State and Bankruptcy litigation;

q. The employees and any other persons who represented Title Cash from 01/01/2001 to the present date, their roles in the Kramer Loans, the decisions they made, the reasons for the decisions made on administration of this loan;

r. Creating a fictitious Vehicle Identification Number for the Kramer Loans;

s. Negotiations, communications, settlements, and documents filed with the Department of Administration, Division of Banking and Financial Institutions;

t. The proof of claims filed in chapter 13 # 01-53527;

u. Application of payments in the Kramer Loans;

v. Filing and obtaining lien notices from the Department of Motor Vehicles for all loans including Kramer's Loan;

w. Record keeping at Title Cash; and

x. Decisions to repossess Kramer's 1999 Chevrolet Suburban.

## DOCUMENT REQUESTS

1. All documents and checks relating to any payment by Title Cash, Hutcheson or EZ Title, including payments to attorneys, involving any aspect of the Kramer Loans (including, but not limited to, bankruptcy proceedings, Department of Administration proceedings and this proceeding).

2. All documents relating to all loan applications, financial statements, balance sheets, tax returns and any other documents submitted by Kramer to Title Cash to apply for the loans or for any purpose.

3. All documents relating the loan applications, credit analysis, loan review and other related documents used by or obtained by Title Cash in the loan approval process of the loans.

4. All documents relating to any correspondence, letters, emails or other communications with any party regarding any aspect of the loans.

5. All documents relating to credit file memoranda, internal credit file notes relating in any way to the loans and the liquidation or collection of any collateral.

6. All documents relating to any communications with prospective purchasers of the collateral associated with the loans.

7. All documents related to all proofs of claim filed in case 01-53527.

8. All documents relating to all communications with Trustee Drummond.

9. All documents relating to how any sale proceeds were applied to the loans.

10. All documents relating to Matthew Kuamee and / or any other person relating to the repossession of the collateral listed in the loans.

11. All documents relating the dates & amounts of each payment on the loans showing how the payment was applied (principal or interest).

12. All documents relating to the manner in which Title Cash responded to the demand for return of the vehicle pursuant to lawsuit Cause No. DV-08-978B, Kramer vs. Title Cash.

13. All correspondence between Title Cash and its counsel.

14. All documents relating to the corporate structure of Title Cash at the time of the Kramer Loans;

15. All documents relating to all changes to the corporate structure of Title Cash from 2001 to the present;

16. All documents relating to the past and present relationship of Title Cash to EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Title Cash;

17. All documents relating to the past and present relationship of Title Cash to Hutcheson Enterprises, Inc. and the legal structure and relationship, if any, to Title Cash;

18. All documents relating to the past and present relationship of EZ Title Pawn, Inc. and the legal structure and relationship, if any, to Hutcheson Enterprises, Inc.;

19. All documents relating to the provisions made for the assumption of the liabilities of Title Cash as part of the dissolution;

20. All documents relating to the dissolution of Title Cash;

21. All documents relating to the lending policies and procedures of Title Cash at the time the Kramer Loans were made and through the present at the time the collection decisions were made;

22. All documents relating to how and by whom Title Cash obtained financing for the Kramer's 1999 Suburban;

23. All documents relating to how and by whom loan administration decisions were made on the Kramer Loans throughout the life of the loans;

24. All documents relating to how and by whom loan administration decisions were made to take into account the impact of Kramer's bankruptcy case numbers: (1) 01-53527; (2) 03-63421; and (3) 04-62762;

25. All documents relating to how and by whom loan administration decisions were made to conduct the state court litigation Case #DV-08-978B between Title Cash and Kramer;

26. All documents relating to the Market Value of vehicles throughout the entire life of the loans;

27. All documents relating to amount or proposed amount the Kramer Loans, and why the amount of the Kramer Loans was split between promissory note loan agreement and security agreements #767 and #768;

28. All documents relating to collateral used or contemplated to be used to secure the Kramer Loans;

29. All documents relating to pleadings and documents (including the proofs of claim) filed on behalf of Title Cash regarding Kramer's State and Bankruptcy litigation;

30. All documents relating to employees and any other persons who represented Title Cash from 01/01/2001 to the present date, their roles in the Kramer Loans, the decisions they made, the reasons for the decisions made on administration of this loan;

31. All documents relating to creating a fictitious Vehicle Identification Number for the Kramer Loans;

32. All documents relating to negotiations, communications, settlements, and documents filed with the Department of Administration, Division of Banking and Financial Institutions;

33. All documents relating to the application of payments in the Kramer Loans;

34. All documents relating to filing and obtaining lien notices from the Department of Motor Vehicles for all loans including Kramer's Loan;

35. All documents relating to record keeping at Title Cash; and

36. All documents relating to decisions to repossess Kramer's 1999 Chevrolet Suburban.

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc. Page 9 of 11

Kramer v. Title Cash of Montana, Inc., Adv. No. 09-28
Notice of taking Rule 30(b)(6) deposition of Defendant Title Cash of Montana, Inc. Page 10 of 11

WHEREFORE, Plaintiff files this Notice of Taking Rule 30(b)(6) deposition of Defendant, Title Cash of Montana, Inc.

Dated: October 23, 2009

/s/ Jeffrey K. Greenwell

James H. Cossitt (Mont. # 9250)
*ATTORNEY FOR PLAINTIFF*

The following have been served by email:

Eric Hummel
e.hummel@montanasky.net
*Attorney for Plaintiff*

Barbara Kramer
Psatin88@yahoo.com
*Plaintiff*

Thane Johnson
johnsontp@centurytel.net
*Attorney for Defendant*
*Emailed and Hand Delivered*

## CERTIFICATE OF SERVICE BY MAIL

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on October 23, 2009. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

/s/ Cindy Gramma

L:\Clients\Kramer\09-28\Discovery\30b6\Drafts\2009-10-23 - Kramer 30(b)(6)(1).doc      Revised 10/23/09JKG