UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STANLEY E. JARVAR** and<br>**BARBARA J. KRAMER-JARVAR**,<br><br>Debtors. | Case No. **04-62762-7** |
| **BARBARA JARVAR**,<br><br>Plaintiff.<br><br>-vs-<br><br>**TITLE CASH OF MONTANA, INC.**, **EZ TITLE PAWN INC**, and **HUTCHESON ENTERPRISES INC**,<br><br>Defendants. | Adv No. **09-00028** |

## MEMORANDUM OF DECISION

At Butte in said District this 18th day of December, 2009.

Pending in this adversary proceeding are cross motions for partial summary judgment filed by the Plaintiff against Defendant Title Cash of Montana, Inc. ("Title Cash"), and by Title Cash. A hearing on both motions was held at Missoula on October 8, 2009. The parties appeared represented by counsel. Attorneys James H. Cossitt ("Cossitt") of Kalispell, Montana, appeared representing the Plaintiff and Thane Johnson ("Johnson") of Kalispell appeared representing Title Cash. After hearing argument of counsel the Court took the motions under advisement at the conclusion of the hearing. The parties' motions and responses have been

1

reviewed by the Court, together with the record and applicable law. These matters are ready for decision.

Plaintiff's motion seeks partial summary judgment establishing Title Cash's liability under Count I (civil contempt for violating 11 U.S.C. § 524(a)(2) discharge injunction and the automatic stay at 11 U.S.C. § 362(a)) of the First Amended and Substituted Complaint (hereinafter the "Complaint[1]"), and Count IV (unfair and deceptive practice in violation of the Montana Unfair Trade Practices and Consumer Protection Act of 1973 (hereinafter the "CPA"), MONTANA CODE ANNOTATED ("MCA") § 33-14-101, et seq.), with the amount of damages to be determined at trial. Title Cash's opposes Plaintiff's motion contending that there are genuine issues of material fact, and moves for summary judgment barring Plaintiff's CPA claim under the 2-year statute of limitations of MCA § 27-2-211(1).

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334. Title Cash admits that this Court has jurisdiction to hear all claims and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Memorandum includes the Court's findings of fact and conclusions of law under FED. R. BANKR. P. 7052 (applying FED. R. CIV. P. 52) in adversary proceedings.

**FACTS**

Plaintiff set forth the following facts[2] in support of her motion for partial summary

---

[1] The Court allowed the amendment of the Complaint (Docket No. 16) by Order entered on June 26, 2009. Plaintiff amended the Complaint again on October 5, 2009, to which Title Cash consented. The Second Amended and Substituted Complaint does not affect the pending motions, and all references herein to the "Complaint" are to Docket No. 16.

[2] The facts have been edited slightly for clarity and inclusion herein.

judgment, in her Statement of Uncontroverted Facts beginning at page 13 of Docket No. 18:

    1.  Plaintiff is a natural person residing in Kalispell, Montana, and is a Debtor in the above Chapter 7 case, No. 04-62762-7.

    2.  Plaintiff is a person protected under the provisions of the Montana Unfair Trade Practices Act as found in § 30-14-101 et seq, MCA.

    3.  Defendant Title Cash is a corporation organized under the laws of the State of Montana that provides financial services with its office located at 2211 U.S. Highway 2 East, Kalispell, Montana[3].

    4.  On November 23, 2001, Plaintiff filed a voluntary Chapter 13 petition in this Court, Case No. 01-53527-13.

    5.  On March 29, 2002, Title Cash[4] filed two Proof of Claims claiming:

        a.  a secured claimed amount for $7,290.00 for Account # 768 [Claim No. 13]; and

        b.  a secured claimed amount for $7,290.00 for Account # 767. [Claim No. 14].

    6.  On May 23, 2002, Title Cash withdrew both secured claimed amounts [Claim No. 13,

---

[3]Plaintiff's Statement at page 13, footnote 2 states: "Title Cash has appeared in this case, but the Montana Secretary of State website states that Title Cash is inactive as of 3/16/2009. Title Cash has not filed any documents with the court stating it is no longer a registered business in Montana." It appears undisputed from subsequent proceedings that Title Cash is a dissolved corporation.

[4]Title Cash's address on its claims is listed as 2211 Hwy 2 E, Kalispell, MT 59901. That is the address to which the Notice of Commencement of the Chapter 7 case in Case No. 01-53527 was mailed to Title Cash according to the certificate of service on Docket No. 96.

14], and filed a secured claimed amount for $14,605.98 on June 5, 2002. [Claim No. 18][5].

    7.  On September 18, 2003, an Order was entered granting a motion to convert Case No. 01-53527 to Chapter 7[6].  [Docket No. 93].

    8.  On October 16, 2003, an Order was entered dismissing Case No. 01-53527 [Docket No. 99], and the Final Decree was entered on November 03, 2003.

    9.  On February 03, 2004, according to the Trustee's Final Report and Account [Docket No. 100], the estate paid $6,046.00 in principal and $1,041.83 in interest to Title Cash's Proof of Claim No. 14 secured claim.

    10.  On October 24, 2003, Plaintiff filed a voluntary Chapter 13 petition in this Court in Case No. 03-63421-13.

    11.  On March 11, 2004, this Court entered an Order granting the trustee's motion to dismiss the case.

    12.  On September 27, 2004, the Final Decree was entered in Case No. 03-63421-13.

    13.  On September 7, 2004, Plaintiff filed a voluntary Chapter 7 petition in this Court commencing Case No 04-62762-7.

    14.  Title Cash was listed on Schedule D as a creditor with a security interest in Plaintiff's

---

[5]This asserted facts overlooks an intervening step shown by the claims register of No. 01-53527.  Claim No. 15 was filed on behalf of Title Cash on 04/02/2002, in the amount of $14,605.98, and Claim No. 18 was filed by Title Cash on 06/05/2002, in the same amount amending Claim No. 15.  In addition, Plaintiff contends in footnotes 3 and 4 of her motion that Title Cash intentionally filed false claims at Claim Nos. 13 and 18 in violation of 18 U.S.C. § 152(4).  Those assertions were not raised in the Complaint and are disregarded as material facts.

[6]The docket shows that the Debtors' amended Chapter 13 Plan was confirmed, but no discharge was entered before the case was dismissed.  The amended Plan [Docket No. 56] is not viewable on the Court's CM/ECF system, which has viewable images beginning at Docket No. 68.  The file in Case No. 01-53527 has been requested from archives.

1999 Suburban Vehicle Identification Number 1GNFK16RXXJ564993 [the "Suburban"].

15. On September 26, 2004, and September 29, 2004, Title Cash was properly served a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines. [Docket Nos. 5, 8[7]].

16. Plaintiff did not sign a reaffirmation agreement for Note 767 with Title Cash.

17. On January 1, 2005, a Discharge of Joint Debtors was entered. [Docket No. 12].

18. On February 3, 2005, the Final Decree was entered.

19. Pursuant to the Discharge and the Trustee's Report of No Distribution filed 1/25/05, Plaintiff's personal liability on both Note 767 and Note 768 was discharged in Case No. 04-62762-7.

20. On September 3, 2008, Plaintiff filed a Complaint against Title Cash in Montana Eleventh Judicial District Court, Flathead County, Case No. DV-08-978B.

21. On December 08, 2009, Title Cash filed an Answer and Counterclaim [Docket 26] requesting in personam relief against Plaintiff as follows:

a. a judgment for $5,550.66 with 10% interest [Note 767];

b. a judgment for $2,770.77 with 9% interest [Note 768];

c. an order foreclosing the lien upon the Suburban;

d. a deficiency judgment;

e. reasonable attorney fees; and

f. for other and further relief as the Court deems just and proper.

Title Cash did not file a Statement of Genuine Issues as required by Montana Local

---

[7]The address to which the Notices were sent to Title Cash is 2211 Hwy 2 East, Kalispell, MT 59901-2815, which is substantially the same as the address given by Title Cash in its Proofs of Claim filed in Case No. 01-53527.

Bankruptcy Rule ("LBR") 7056-1(a)(2).

## DISCUSSION

### I. Summary Judgment.

Summary judgment is governed by FED. R. BANKR. P. 7056.  Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  The manner in which this burden is proven depends on which party has the burden on a particular claim or defense at the time of trial.

> If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery.  If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265  (1986) (Brennan dissent) (citations omitted).  *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*

*Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or

defense and whose existence might affect the outcome of the suit.  The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id*.

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986).  Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631.  In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Mont. LBR 7056-1 governs summary judgment motions in this Court.  LBR 7056-1(a)(1) requires:

> **Statement of Uncontroverted Facts.**  A separate, short, and concise "Statement of Uncontroverted Facts" must accompany every motion for summary judgment.  Failure to submit this statement constitutes grounds for denial of the motion.  The statement shall set forth separately each fact, in serial, not narrative form, and shall specify the specific portion of the record where the fact can be found (e.g., affidavit, deposition, etc.).

Both sides failed to file separate statements of uncontroverted facts accompanying their motions for summary judgment.  Title Cash failed to file any statement of uncontroverted facts, subjecting its cross motion for summary judgment to summary denial under LBR 7056-1(a)(1).  Plaintiff did not file a separate statement, but set out her Statement of Uncontroverted Facts in Section "II" beginning at page 13 of Docket No. 18, paragraph 41, through paragraph 61 which

ends at the top of page 17.  The Court will consider Plaintiff's Statement of Uncontroverted Facts, but the Court will not consider the factual allegations outside Plaintiff's Statement of Uncontroverted Facts in the rest of Plaintiff's motion or supporting memorandum because, unless undisputed in the pleadings, such statements are attorney argument and are not in compliance with LBR 7056-1(a)(1).  *Hurley v. Student Loan Acquisition Auth. of Ariz.*, *et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994).

Title Cash combined its response brief and cross motion for partial summary judgment in Docket No. 22, and on pages 2 through 7 discusses what facts it believes create genuine issues of material fact.  However, Title Cash failed to comply with LBR 7056-1(a)(2) which provides:

> **Opposition**.  Opposition to a motion for summary judgment, if any, must be filed within ten (10) days after the motion is served.  A separate, short, and concise "Statement of Genuine Issues", setting forth the specific facts, which the opposing party asserts establishes a genuine issue of material fact precluding summary judgment in favor of the moving party must be filed by the party opposing the motion together with an opposition brief.

Because Title Cash failed to file a separate Statement of Genuine Issues as required by LBR 7056-1(a)(2), LBR 7056-1(a)(3) applies which provides: "**Facts Admitted**.  All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."  For purposes of Plaintiff's motion, all of the material facts in her Statement of Uncontroverted Facts, except for

9

footnotes 3 and 4, are deemed admitted under LBR 7056-1(a)(3).

## II. Plaintiff's Motion, Count I (Civil Contempt for Violating § 524).

Plaintiff's Count I states in its title line that it is based on § 524 for violation of the discharge injunction, but adds at paragraph 35 of the Complaint allegations of violations of the automatic stay under § 362(a). Title Cash's answer denied violating either § 524 or § 362, and its brief contends that questions of fact exist whether Title Cash willfully violated the stay or the discharge injunction, thereby precluding summary judgment.

### A. Automatic Stay – § 362(a).

Plaintiff contends in Count I that Title Cash violated the stay by splitting the plan payments from the Debtors in Case No. 01-53527-13 between its secured claim, Note 767, and its unsecured claim, Note 768. Title Cash concedes "that if the Chapter 13 Plan did not provide for the splitting of the Trustee's payments between the secured Note and the unsecured Note, that the same violates the automatic stay." However, Title Cash contends that a question of fact exists because it has not seen the Plan.

At this summary judgment stage, the Court agrees that the Plaintiff has failed to satisfy her burden of proof that no genuine issue of material fact exists. Put simply, Plaintiff's Statement of Uncontroverted Facts does not include any statements of fact at page 14 of Docket No. 18 that Title Cash split payments it received from the Trustee, or the dates it received payments from the Trustee and split them. Title Cash's answer Docket No. 17 denies paragraph 35 of the Complaint, and while it admits in its memorandum that Ex. E attached to Plaintiff's motion indicates that Title Cash split the payments, this Court will not consider those statements in Ex. E as uncontroverted when the Plaintiff failed to reference it in her Statement of

10

Uncontroverted Facts.

All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. Plaintiff failed to produce the confirmed Plan in Case No. 01-53527, even though it was her Plan. "[F]ailure to produce evidence, which under the circumstances would be expected, gives rise to a presumption against the party failing to produce it.". *N.L.R.B. v. Advance Transp. Co.*, 965 F.2d 186, 195 (7th Cir. 1992), quoting *P.R. Mallory Co. v. NLRB*, 400 F.2d 956, 959 (7th Cir.1968), *cert. denied*, 394 U.S. 918, 89 S.Ct. 1191, 22 L.Ed.2d 452 (1969).

This Court has ordered the file in Case No. 01-53527 to be retrieved from archives, and it should be available for trial. Until then, with respect to the alleged violations of § 362(a) in Count I the Court finds that the Plaintiff has failed to satisfy her burden of proof under Rule 7056(c) that there is no genuine issue of material fact.

### B. Violating the Discharge Injunction – § 524.

Plaintiff's other allegation under Count I is that Title Cash violated the discharge injunction of § 524(a) by filing a counterclaim in Case No. DV-08-978B in state district court "on December 8, 2009 [sic][8]" which sought a judgment on the unsecured Note 768 which was discharged in Case No. 04-62762-7. Title Cash's answer Docket No. 17 admits paragraph 32 of the Complaint alleging that Title Cash filed the answer and counterclaim. By failing to file a statement of genuine issues, the facts in Plaintiff's Statement of Uncontroverted Facts are

---

[8]Both the Complaint at paragraph 32 and Plaintiff's Statement of Uncontroverted Facts at page 16, paragraph 61, state the date on which Title Cash filed its answer as December 8, 2009, which is roughly a week ago and after the dates on which Complaint and Plaintiff's motion for summary judgment were filed. Even though Title Cash admits the facts in its answer at paragraph 32, the 2009 date is clearly a typo and should read 2008.

deemed admitted under LBR 7056-1(a)(3) that Title Cash was served with the notice of commencement of case. The Discharge of the Plaintiff was entered in Case No. 04-62762-7 and served on Title Cash at the same address it stated on its Proofs of Claim, and discharged any personal liability of the Plaintiff for Notes 767 and 768.

A discharge under 11 U.S.C. § 524(a)(2) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor...." *In re Ellett*, 254 F.3d 1135, 1148 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002). The admitted facts establish that Title Cash violated the discharge injunction by filing a counterclaim in Case No. DV-08-978B seeking judgment against the Plaintiff for the discharged notes, a deficiency judgment, and attorney fees, as a personal liability of the Plaintiff. Civil contempt is the normal sanction for violation of the discharge injunction. *In re Gomez*, 17 Mont. B.R. 166, 170 (Bankr. D. Mont. 1998), citing 4 *Collier on Bankruptcy*, ¶ 524.02[2][c], at 524-18 (15th ed. 1998).

This Court addressed a motion for sanctions based upon violation of the discharge injunction in *In re Gomez*, 17 Mont. B.R. at 171-72 (quoting *In re Killorn*, 16 Mont. B.R. 364, 366-68 (Bankr. D. Mont. 1998)):

> Contempt proceedings are governed by F.R.B.P. 9020. Prior to Congress reform of Rule 9020 in 1987, bankruptcy courts did not have the inherent power of contempt in the Ninth Circuit. *In re Sequoia Auto Brokers, Ltd. (Plastiras v. Idell)*, 827 F.2d 1281, 1284 (9th Cir. 1987). Subsequent to *Sequoia*, the United States Supreme Court held that courts created by Congress have inherent powers, unless Congress intentionally restricts those powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991). The Ninth Circuit later held that with Congress enacting Rule 9020 and § 105(a), *Chambers* supersedes *Sequoia* and bankruptcy courts have the inherent power to sanction for

12

contempt. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284-5 (9th Cir. 1996).

Rule 9020(b) provides that contempt "committed in a case or proceeding pending before a bankruptcy judge . . . may be determined only after a hearing on notice"

\* \* \* \*

Both the Discharge and § 524(a)(2) provide that the Discharge operates as an injunction, enjoining all creditors from commencing, instituting, or continuing any action or engaging in any act to collect discharged debts. *See, In re Raiman*, 172 B.R. 933, 936 (9th Cir. BAP 1994). Willful violation of the § 524(a)(2) injunction warrants the finding of contempt. *In re Andrus*, 184 B.R. 311, 315-16 (Bankr. N.D. Ill. 1995). To find a creditor in civil contempt the court must find that the offending party knowingly violated a definite and specific court order. *Id.*; *In re Johnson*, 148 B.R. 532, 538 (N.D. Ill. 1992). The burden under § 524(a)(2) is on the Debtors to prove the violation by clear and convincing evidence[9]." *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982); *In re Keane*, 110 B.R. 477, 483 (S.D. Cal. 1990); *In re Andrus*, 184 B.R. at 315; *In re Ryan,* 100 B.R. 411, 417 (N.D. Ill. 1989). This Court can impose upon a creditor who violates the § 524(a)(2) injunction sanctions for civil contempt, which may consist of remedial and compensatory, but not punitive, sanctions. *Andrus*, 184 B.R. at 315; *In re Torres*, 117 B.R. 379, 382 (N.D. Ill. 1990); *In re Rainbow Magazine, Inc.*, 77 F.3d at 285.

*Gomez* continues:

> Other courts have long held that where a creditor has failed to comply with an order of discharge, civil contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. *In re Whitaker*, 16 B.R. 917, 923 (M.D. Tenn. 1982) (*citing McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 98 L.Ed. 599 (1948)). Civil contempt is therefore an appropriate sanction for a creditor's noncompliance with or violation of the Court's order of discharge. *Whitaker*, 16 B.R. at 923, *Matter of Holland*, 21 B.R. 681, 689 (N.D. Ind. 1982); *see, Matter of Batla*, 12 B.R. 397, 400-401 (Bankr. N.D. Ga.1981).
>
> Knowledge of the discharge order and knowingly violating it are necessary requirements for contempt. *Holland*, 21 B.R. at 689. A party's negligence or absence of intent to violate the discharge order is not a defense against a motion for contempt. *In re Atkins*, 176 B.R. 998, 1009-1010 (Bankr. D. Minn. 1994)

---

[9]The standard of proof may have been reduced to a preponderance of the evidence under the reasoning of *Grogan v. Garner*, 498 U.S. 279, 283-5, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

(citations omitted).

17 Mont. B.R. at 172.

Title Cash contends that questions of fact exist whether its office manager Lisa Harshbarger ("Harshbarger") knowingly violated the discharge entered in Case No. 04-62762-7, that the Plaintiff did not file an answer to the counterclaim asserting the discharge as an affirmative defense in Case No. DV-08-978B, and that Title Cash relied on the Department of Administration's letter in filing its answer and counterclaim. These contentions lack merit.

In rejecting an improper corporate address argument against a finding of a willful violation of the automatic stay one court aptly noted:

> [W]hile an octopus may have eight legs, it is still the same octopus. As a result, bankruptcy law not only requires, but demands, that companies, whether large or small, have in place procedures to ensure that formal bankruptcy notices sent to an internally improper, but otherwise valid corporate address are forwarded in a prompt and timely manner to the correct person/department. As a consequence, Ocwen's defense that its collection efforts against the Debtors were merely the result of a flaw in its internal organizational structure--the argument that the right hand does not know what the left hand is doing--falls on deaf ears.
>
> This rule has been universally followed by other bankruptcy courts, and is really just an extension of the principle that corporations are expected to have in place procedures to ensure that they comply with all areas of the law.

*In re Perviz*, 302 B.R. 357, 367 (Bankr. N.D. Ohio 2003).

In the instant case Title Cash argues that Harshbarger "was only privy to items in the file" and that a question of fact exists with regard to whether she knew that there had been a discharge entered. The uncontroverted facts establish that there was a discharge, which was served on Title Cash. Title Cash is responsible to have in place procedures to ensure that bankruptcy discharges sent to its valid address are maintained in a prompt and timely manner to the correct

person/department and be kept "in the file."

The facts show that Title Cash failed to have in place procedures, or failed to adequately train or supervise Harshbarger, to ensure that it complied with the discharge injunction. The Court finds that Title Cash knew of the discharge order and knowingly violated it when it filed a counterclaim seeking a judgment of personal liability against the Plaintiff for the discharged debt and attorney fees. The Court finds Title Cash in civil contempt for violation of the discharge injunction of § 524(a)(2). Trial of Count I will proceed on appropriate remedial and compensatory, but not punitive, sanctions.

### III. Title Cash's Cross Motion for Partial Summary Judgment.

Title Cash's motion for partial summary judgment contends that Plaintiff's CPA action was not brought within 2 years as required under MCA § 27-2-211(1), which provides:

> **Actions to enforce penalty or forfeiture or other statutory liability**. (1) Within 2 years is the period prescribed for the commencement of an action upon:
> (a) a statute for a penalty or forfeiture when the action is given to an individual or to an individual and the state, except when the statute imposing it prescribes a different limitation;
> (b) a statute or an undertaking in a criminal action for a forfeiture or penalty to the state;
> (c) a liability created by statute other than:
> (I) a penalty or forfeiture; or
> (ii) a statutory debt created by the payment of public assistance.

Title Cash quotes MCA § 27-2-102(a) for when a cause of action accrues: "A claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action[.]" Title Cash argues that Plaintiff knew of problems with the two notes in 2001 when she filed her initial Chapter 13 case, and she reported the problem to the Department of Administration, Division of Banking in December of 2006, but did not file her

15

CPA claim until June 12, 2009, more than 2 years after Title Cash admitted to engaging in unfair and fraudulent practices, and therefore Title Cash argues that Plaintiff's CPA claim is barred by the 2-year statute of limitations.

Title Cash failed to file a separate statement of uncontroverted facts with its cross motion for partial summary judgment, which under LBR 7056-1(a)(1) constitutes grounds for denial of its motion. It failed to follow the applicable Rule to establish the absence of genuine issues of material fact relative to its statute of limitations claim. This Court will not accept piecemeal factual contentions which are not in compliance with Rule 7056-1(a)(1).

The Plaintiff argues that "continuing nuisance theory" and "permanent nuisance theory" tolled the statute of limitations until the injury is abated or the nuisance becomes permanent. It is not necessary to decide whether these theories apply, however, because certain of the acts alleged under Count IV took place within 2 years of Plaintiff's CPA claims.

Paragraph 53 of the Complaint, Docket No. 16, states that Title Cash acknowledged that "the act of collecting on a loan made on a non-existent vehicle was an unfair and fraudulent act." Title Cash's answer, Docket No. 17, on page 5 "admits" paragraph 53. Title Cash argues that Plaintiff did not file her CPA claim until June 12, 2009, which is 2 years after Title Cash admitted to engaging in unfair and fraudulent practices. However, Title Cash filed its counterclaim in DV-08-978B on December 8, 2008, continuing to collect Note 768 which was by then not only unsecured by a vehicle, but discharged. That continued collection effort by Title Cash was not more than 2 years before Plaintiff filed her CPA claim, which therefore is not barred by MCA § 27-2-211(1).

In addition, Count IV contends that the Plaintiff's Suburban was repossessed in August

2008, at paragraphs 27, 28 and 29, and Count IV at paragraph 55 contends that the repossession of the Suburban was an unfair and deceptive practice for which she is entitled to damages under the CPA.  Title Cash denied those contentions, but as the moving party Title Cash has the burden to show absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law based on the 2-year statute of limitations of MCA § 27-2-211(1).  Title Cash failed its burden by not filing a statement of uncontroverted facts, and therefore failed to show that the repossession which is one of the bases for Count IV's CPA claims took place more than 2 years before June 12, 2009.

  **IV.  Plaintiff's Motion for Partial Summary Judgment – Count IV**.

  Plaintiff moves for summary judgment on Count IV, contending at pages 25 and 26 of Docket No. 18 that Title Cash filed false secured Proofs of Claim, filed false allegations in its answer and counterclaim in DV-08-978B, collected money from the Plaintiff on Note 768, and admitted in a settlement agreement that it engaged in unfair and fraudulent practices by collecting on Note 768 on a non-existent vehicle.  None of these contentions are set forth in Plaintiff's Statement of Uncontroverted Facts at pages 13 to 17 of Docket No. 18, except for allegations that the Claims 13 and 18 were false which are in footnotes 3 and 4.  Neither are the allegations of filing false proofs of claim alleged in Count IV.  The Court has allowed Plaintiff to include its Statement of Uncontroverted Facts in its combined motion, statement and memorandum, and has deemed them admitted based on Title Cash's failure to file a statement of genuine issues.  However, the Court draws the line at granting summary judgment based upon the word "false" placed in footnotes rather than stated plainly in the body of the Statement of Uncontroverted Facts.  The above described contentions are attorney argument in Plaintiff's motion and

memorandum, not facts.

The remaining contention in Plaintiff's motion for summary judgment on Count IV for CPA violations alleges that Title Cash unfairly and deceptively repossessed Plaintiff's vehicle. That contention also is not included in Plaintiff's Statement of Uncontroverted Facts at pages 13 to 17 of Docket No. 18. Title Cash denied repossessing the Suburban. Because Plaintiff failed to allege that Title Cash repossessed the Plaintiff's Suburban in her Statement of Uncontroverted Facts, the Court finds that Plaintiff has failed to satisfy her burden of proof under Rule 56(c) that there is no genuine issue of material fact regarding the alleged repossession and that Plaintiff is entitled to judgment under the CPA as a matter of law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1334.

2. This Court has jurisdiction to hear all state law claims under 28 U.S.C. § 1367.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. Plaintiff failed to satisfy her burden of proof under FED. R. CIV. P. 56(c) that there is no genuine issue of material fact with respect to her contentions under Count I that Title Cash willfully violated the automatic stay of § 362(a).

5. Plaintiff satisfied her burden of proof under Rule 56(c) that there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law holding Title Cash in civil contempt for knowing violations of the discharge injunction of 11 U.S.C. § 524(a)(2), with amounts of remedial and compensatory damages to be determined at trial.

6. Title Cash failed to satisfy its burden of proof under Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law with respect to

its contentions that Plaintiff's CPA claims under Count IV of the Complaint are barred by the 2-year statute of limitations at MONT. CODE ANN. § 27-2-211(a).

7. Plaintiff failed to satisfy her burden of proof under Rule 7056(c) that there is no genuine issue of material fact regarding the contentions in Count IV of Plaintiff's Complaint and that Plaintiff is entitled to judgment under the CPA as a matter of law.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above granting the Plaintiff's motion for summary judgment in part and denying it in part; denying Title Cash's cross motion for partial summary judgment; and finding that Title Cash is in civil contempt and liable to the Plaintiff for violating the discharge injunction of 11 U.S.C. § 524(a)(2) by filing a counterclaim against the Plaintiff in the state court action No. DV-08-978B, Montana Eleventh Judicial District Court, Flathead County, seeking monetary judgments and attorney fees against the Plaintiff attempting to collect discharged debt, in amounts for remedial and compensatory damages, costs and attorney's fees which shall be determined at trial.

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana