## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STANLEY E. JARVAR** and<br>**BARBARA J. KRAMER-JARVAR**,<br><br>        Debtors. | Case No. **04-62762-7** |
| **BARBARA JARVAR**,<br><br>        Plaintiff.<br><br>-vs-<br><br>**Title Cash of Montana, Inc.**, **TITLE CASH OF MONTANA INC**, **EZ TITLE PAWN INC**, and **HUTCHESON ENTERPRISES INC**,<br><br>        Defendants. | Adv No. **09-00028** |

## MEMORANDUM OF DECISION

At Butte in said District this 28th day of December, 2009.

Pending in this adversary proceeding is the "Motion to Quash 30(b)(6) Notice of Deposition and Notice of Deposition of Roy Hutcheson" (hereinafter "Motion to Quash") (Docket No. 42) filed by Defendant Title Cash of Montana, Inc. ("Title Cash") on October 30, 2009. Plaintiff filed a response in opposition (Docket No. 50), and a hearing on the Motion to Quash was held at Missoula on December 11, 2009. Title Cash was represented at the hearing by attorney Sarah Simpkins of Johnson, Berg, McEvoy & Bostock, PLLP, Kalispell, Montana.

1

Plaintiff was represented by attorney James H. Cossitt ("Cossitt") of Kalispell. No testimony or exhibits were admitted, but the parties did not dispute that Title Cash was dissolved earlier this year in 2009. After hearing argument of counsel the Court took Title Cash's Motion to Quash under advisement. After review of the record and applicable law, for the reasons set forth below Title Cash's Motion to Quash will be denied.

This Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334(b). The parties agree this is a core proceeding under 28 U.S.C. § 157(b)(2).

## FACTS

The facts material to Title Cash's Motion to Quash are not in dispute. The docket shows that this adversary proceeding commenced when Plaintiff filed a complaint on September 3, 2008, in the Montana Eleventh Judicial District Court, Flathead County. The case was removed to this Court on April 24, 2009, shortly after Title Cash was dissolved.[1]

The Plaintiff conducted a deposition of Title Cash's former office manager Lisa Harshbarger ("Harshbarger") at the Kalispell offices of Title Cash's counsel on September 17, 2009[2]. On October 23, 2009, Plaintiff noticed a deposition of Title Cash of Title Cash and "Roy Hutcheson, as President thereof" based on F.R.B.P. 7030 and FED. R. CIV. P. 36(b), to be held at Cossitt's offices in Kalispell on November 17, 2009, including a request for production of documents. Title Cash filed its Motion to Quash the deposition on October 30, 2009, to which it attached a copy of the notice of deposition, and filed a brief. Plaintiff filed a response with attached exhibits, including papers (Ex. 4 to Docket No. 50) authorizing dissolution of Title Cash

---

[1]Plaintiff has filed amended complaints to which answers have been filed.

[2]Excerpts from the deposition of Harshbarger are attached to Docket No. 34

as of 12/31/08, which was signed by Hutcheson as president on 2/18/09 and approved for filing by the Montana Secretary of State on March 16, 2009.

## DISCUSSION

Title Cash moves to quash Plaintiff's Rule 36(b) notice of deposition of Hutcheson because of its dissolution. The notice of deposition seeks to depose Hutcheson in his capacity as president of Title Cash. Title Cash argues that it was voluntarily dissolved on March 16, 2009, and as a result no longer has any shareholders, directors, officers, employees, managers or representatives. Plaintiff responds that dissolution does not abate a proceeding against a corporation. MONT. CODE ANN. § 35-9-935(2)(f).

Rule 30 applies in adversary proceedings. F.R.B.P. 7030. Rule 30(a) provides that a party "may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)[3] ...." Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who content to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph does not preclude a deposition by any other procedure allowed by these rules.

Hutcheson was served with the notice of deposition in his capacity as president of Title Cash, and not in his individual capacity. *See El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971) (citing Rule 30(a) of the Federal Rules of Civil Procedure (1966) and Note, Discovery

---

[3]There is no argument that Rule 30(a)(2) applies.

3

Against Corporations Under the Federal Rules, 47 Iowa L.Rev. 1006, 1014-16 (1962)), *cert. denied*, 404 U.S. 940, 92 S.Ct. 273, 30 L.Ed.2d 253 (1971).

Title Cash argues that its dissolution means that it no longer has officers and Hutcheson is not subject to deposition, citing *Central States, Southeast and Southwest Areas Pension Fund*, 1994 WL 416978, *2 (N.D. Ill.).  In *Central States* the district court noted that no subpoena is required for taking the deposition of a corporate party when the opposing party seeks that deposition through officers who will be deposed on the corporation's behalf, citing *El Salto*, but that a subpoena may be required to compel a former president of a dissolved corporation to appear.   That rule of *Central States* was followed in *Central States, Southeast and Southwest Areas Pension Fund v. GWT 2005, Inc.*, 2009 WL 3255246, * 2 (N.D. Ill.)  Title Cash's citation to *Central States* does not support its motion to quash, as at most that case would require a separate subpoena of Hutcheson, not quashing the deposition in its entirety.

Title Cash cites *Anonymous v. Vella*, 2005 WL 4901802 (D. Neb.) as supporting its motion to quash because a voluntarily dissolved corporation does not have a corporate representative.  That is not the law in the state of Montana.  Section 35-1-935(1) states:  "A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, ...."  Section 35-1-935(2) states in pertinent part:

> "Dissolution of a corporation does not . . . (c) subject its directors and officers to standards of conduct different from those prescribed in part 4 ["Directors and Officers"]; (f) abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution; (g) terminate the authority of the registered agent of the corporation."

Section 35-1-937 also provides for the continued existence of directors and officers in a

4

dissolved corporation as follows:

> **Unknown claims against dissolved corporation**.  (1) Subject to 35-1-936, the dissolution of a corporation, including by the expiration of its terms, does not take away or impair any remedy available to or against the corporation *or its officers, directors,* or shareholders for any claim or right, whether or not the claim existed or accrued prior to dissolution.  A proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.  The shareholders, *directors, and officers* have power to take corporate or other action as appropriate to protect the remedy, right, or claim.

(Emphasis added).

In interpreting Montana's statutes, the Court looks first to the plain meaning of the words used.  *In re Maynard*, 2006 MT 162, ¶ 5, 332 Mont. 485, ¶ 5, 139 P.3d 803, ¶ 5.  The Montana Supreme Court explained the "plain meaning" rule in *Western Energy Company v. State, Dept. of Rev.*, 1999 MT 289, ¶ 11,  297 Mont. 55, 58,¶ 11, 990 P.2d 767, 769, ¶ 11:

> When we interpret a statute, our objective is to implement the objectives the legislature sought to achieve. *Montana Wildlife Fed'n v. Sager* (1980), 190 Mont. 247, 264, 620 P.2d 1189, 1199. The legislative intent is to be ascertained, in the first instance, from the plain meaning of the words used. *Boegli v. Glacier Mountain Cheese Co.* (1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305. If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls and the Court need go no further nor apply any other means of interpretation. *Phelps v. Hillhaven Corp.* (1988), 231 Mont. 245, 251, 752 P.2d 737, 741.

Applying the plain meaning of § 35-1-935(1), § 35-1-935(2)(c) and (f), and § 35-1-937(1) to the instant Motion to Quash, Title Cash's argument that it no longer has officers or directors because of its dissolution is without merit and contrary to the plain meaning of those statutes. Title Cash continues its corporate existence and Hutcheson remains Title Cash's president, and subject to a Rule 30(b)(6) deposition.

In addition to seeking to quash the deposition of Hutcheson as president because he has

5

not been a president since the dissolution, Title Cash objects that Hutcheson is more than the 100 mile limit of FED. R. CIV. P. 45(c)(3)(A)(ii) from the location of the deposition in Kalispell[4]. Title Cash agrees that the Plaintiff may depose Hutcheson, but that it cannot occur at Cossitt's offices in Kalispell.

Plaintiff responds that Title Cash allowed its employee Harshbarger to be deposed in Kalispell, and that its Rule 30(b)(6) deposition of Title Cash's president similarly should be held in Kalispell. Plaintiff cites *Rapoca Energy Co., L.P., v. AMCI Exp. Corp.*, (2001, W.D. Va.), 199 F.R.D 191, 48 F.R. Serv. 3d 880, *Tomingas v. Douglas Aircraft Co.*, (1968, S.D. N.Y.), 45 F.R.D. 94, 12 F.R. Serv. 2d 669, and *Havell v. Time, Inc.*, (1940, D.C. N.Y.), 1 F.R.D. 439, in support of taking Hutcheson's deposition in the district where the corporation had its principal place of business or the action is pending even though the adverse party resides outside the district.

Both parties' counsel reside in Kalispell, where Title Cash conducted business, and a deposition of Title Cash's employee Harshbarger was taken in Kalispell at the offices of Title Cash's counsel. Title Cash's objection is based on the fact that Hutcheson now resides in Alabama. Title Cash's reliance on Rule 45(c)(3)(A)(ii) (applicable under F.R.B.P. 9016) fails because, as held above under the plain meaning of Montana's corporate dissolution statutes, Hutcheson remains Title Cash's president and officer through the winding up of its affairs, including this adversary proceeding. By its terms Rule 45(c)(3)(A)(ii) requires quashing or modifying a subpoena that "requires a person who is neither a party nor a party's officer to travel ...." Hutcheson is an officer of Title Cash, and therefore Rule 45(c)(3)(A)(ii) does not apply.

---

[4]Hutcheson apparently resides now in Alabama.

Having considered the facts and equities, this Court deems it appropriate to exercise its discretion under Rule 30(b) for the taking of Defendant's deposition in Kalispell.  *Tomingas*, 45. F.R.D. at 97.[5]

In sum, Title Cash's Motion to Quash is unsupported by the plain language of Montana's corporate dissolution statutes and Rule 45(c)(3)(A)(ii), and it will be denied.

**IT IS ORDERED** a separate Order shall be entered based on the above, sustaining the Plaintiff's objection and denying Title Cash's Motion to Quash (Docket No. 42).


BY THE COURT

_Ralph B. Kirscher_

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[5]At the hearing Title Cash's counsel requested that Hutcheson be able to submit to deposition by videoconference.  That is a matter for negotiation between counsel.  If Title Cash can provide sufficient assurances of Hutcheson's cooperation and compliance with discovery requests then the parties should be able to work that out without any Court involvement.