UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**STANLEY E. JARVAR** and<br>**BARBARA J. KRAMER-JARVAR**,<br><br>Debtors.<br><br>**BARBARA JARVAR**,<br><br>Plaintiff.<br><br>-vs-<br><br>**Title Cash of Montana, Inc.**, **TITLE CASH OF MONTANA INC**, **EZ TITLE PAWN INC**, **HUTCHESON ENTERPRISES INC**, and **ROY HUTCHESON**,<br><br>Defendants. | Case No.  **04-62762-7**<br><br><br><br><br><br>Adv No.  **09-00028** |

# MEMORANDUM   OF   DECISION

At Butte in said District this 30th day of March, 2010.

In this adversary proceeding Plaintiff filed a motion to compel discovery and production of documents (Docket No. 77), and an amended motion for sanctions (Dkt. 88) against Defendants for their failure to disclose and produce documents in response to requests for production and under an informal agreement made at a deposition, and Defendants' failure to supplement.  A hearing on the motions to compel and for sanctions was held at Missoula on March 19, 2010.  The parties were represented at the hearing by counsel.  Plaintiff was represented by attorneys Eric S. Hummel ("Hummel") of Eric Hummel, PLLC, and James H.

1

Cossitt of James H. Cossitt, PC, of Kalispell, Montana. Defendants were represented by attorney Thane Johnson ("Johnson") of Johnson, Berg, McEvoy & Bostock, PLLP, of Kalispell, Montana. Plaintiff's attorney James H. Cossitt ("Cossitt") testified, and Plaintiff's Exhibits ("Ex.") 1– through – 16 were admitted without objection. After the conclusion of the parties' cases-in-chief the Court heard argument of counsel.

Based on Johnson's admission to the Court at the hearing that approximately ninety (90) pages of attachments to an "Asset Purchase Agreement", Ex. 1[1], were not produced by the Defendants in response to requests for production ("RFP"), or pursuant to an informal agreement entered into at the end of the deposition of Defendant Roy Hutcheson ("Hutcheson") the Court granted the motion to compel at the hearing and ordered Defendants to produce any document which has not produced in response to RFPs. With respect to the Defendant's failure to produce the exhibits referred to in Ex. 1 Johnson stated: "I can't defend that and won't try." Based on the record and Johnson's admission, Plaintiff's motion for sanctions will be granted for the reasons set forth below.

The parties agree that this Court has jurisdiction of this removed adversary proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1367, and that this is a core proceeding under 28 U.S.C. § 157(b)(2). This memorandum contains the Court's findings of fact and conclusions of law.

**FACTS & PROCEDURAL HISTORY**

This adversary proceeding was removed to this Court on April 24, 2009. Plaintiff has

---

[1] Ex. 10, the "Asset Purchase Agreement" consists of 3 pages. Ex. 10 refers to "Exhibit A-1" and "Ex. B"

2

filed several amended complaints.  Most recently Plaintiff filed a 3rd amended and substituted complaint (Dkt. 64) adding Roy Hutcheson as a party-defendant.  The 3rd amended complaint includes claims for relief under Counts I (civil contempt for violation of 11 U.S.C. § 362), II (civil contempt for violating § 524 discharge injunction), III (conversion), IV (violation of Uniform Commercial Code ("UCC") repossession statutes), V (false representation in violation of Montana Consumer Protection Act ("CPA")), VI (reciprocal attorney fees), VII (liability of Hutcheson and Hutcheson, Inc., based on alter ego), VIII (liability of Hutcheson and EZ Title based on alter ego and successor liability theory)[2], IX (liability of Hutcheson, Hutcheson, Inc., and EZ Title based on piercing the corporate veil), and X (fraudulent transfers).

    Plaintiff filed a motion for summary judgment on August 27, 2009.  Defendants filed a response and cross motion for summary judgment.  On December 18, 2009, the Court entered a memorandum of decision (Dkt. 55) and Order (Dkt. 56) granting Plaintiff's motion for summary judgment on Count I[3] but otherwise denying summary judgment, and denying Title Cash of Montana, Inc.'s ("Title Cash") cross motion for summary judgment.

A pretrial scheduling Order was entered on December 17, 2009 (Dkt. 54), setting forth pretrial deadlines and setting the trial for April 5, 2010[4].  The deadline for completing discovery in Dkt. 54 was set on March 1, 2010, except for expert witnesses.  The Order states:

---

[2] By stipulation (Dkt. 113) a Judgment (Dkt. 114) was entered against EZ Title Pawn, Inc., making it liable for any judgment entered against Title Cash under Count VIII.  Title Cash appears to have been dissolved.

[3] Count I was based in part on Title Cash's violation of the discharge injunction of 11 U.S.C. § 524(a)(2).  The Order left amounts for remedial damages and compensatory damages, costs and attorney fees to be determined at trial.

[4] The trial was rescheduled to commence on May 17, 2010.  Dkt. 111.

3

"Consequently, all written discovery shall be served upon the opposing party or parties well enough in advance of this deadline to enable the answering party or parties to complete written responses to said discovery under the time limits set forth in the Federal Rules of Bankruptcy Procedure."

Plaintiff sent to Defendants' counsel Johnson Ex. 2, "Plaintiff's First Written Discovery Requests" dated August 5, 2009, to Defendant Title Cash. Ex. 2 includes definitions, instructions including a reference to the duty to supplement responses under FRBP 7026(e)[5]. Ex. 2 requests production under FRBP 7034 of "all documents that relate to" promissory notes, the Plaintiff, Title Cash's collection practices, receipts applies to promissory notes, repossession of the Plaintiff's 1999 Chevrolet Suburban, credit policy or manual, and collection policy or manual. Under Fed. R. Civ. P. 34(b)(2)(A), the Title Cash was required to respond in writing within 30 days after being served[6].

Ex. 3 is Title Cash's response to Ex. 2. Ex. 3 is dated September 4, 2009, and is not signed. Johnson advised the Court at the hearing that Title Cash was dissolved so had no representative who could sign Ex. 3, and that he "just forgot" about getting Hutcheson to sign Ex. 3. Cossitt testified that Title Cash responded in Ex. 3 that the documents requested were stored in a warehouse and would be supplemented, but that they have not been produced, or

---

[5]The reference to "7026(e)" is incorrect. Rule 7026, F.R.B.P., applies Fed. R. Civ. P. 26 in adversary proceedings. Rule 26(e)(1)(A) provides that a party that has responded to a request for production must supplement or correct a disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

[6]Rule 34(b)(2)(B) provides that a shorter or longer time may be stipulated to or be ordered by the court.

supplemented other than a pile of unmarked documents Johnson delivered on March 9, 2010, and which were not signed.

Ex. 5 is Plaintiff's requests for production to EZ Title Pawn, Inc. ("EZ Title"), dated December 17, 2009. EZ Title's responses are in Ex. 8, dated January 15, 2010, which is signed by Johnson and not by the client. Under questioning by the Court Cossitt testified that EZ Title's responses in Ex. 8, at page 5, failed to make any response to Plaintiff's RFP 34[7] from Ex. 5.

Ex. 6 are Plaintiff's requests for production of documents from Hutcheson Enterprises, Inc., dated December 17, 2009. Ex. 9 are Hutcheson Enterprises, Inc.'s responses dated January 15, 2010, and is signed by Johnson. Ex. 9 produced no documents in response and state that there are no responsive documents. Cossitt testified that the responses in Ex. 9 are not adequate.

Plaintiff took Roy Hutcheson's deposition on February 4, 2010, and a partial transcript was admitted as Ex. 10. In Ex. 10 Hutcheson testified about Ex. 1, the "Asset Purchase Agreement" between Title Cash and EZ Title dated August 3, 2008. Ex. 1 lists Hutcheson as president of both Title Cash and EZ Title. On page 37 of Ex. 10 Hutcheson admitted that several pages of "Exhibit A's" are missing. Beginning at page 142 of Ex. 10 Plaintiff's counsel listed additional documents that Defendants agreed to produce, including bylaws, shareholders minutes, tax returns, annual reports, financial statements, and Exhibit A-1 to Ex. 1. Cossitt agreed to a letter to follow up. Ex. 10, pp. 145, 146. Johnson agreed to "do our best to find them and produce them" as long as those documents exist. Ex. 10, p. 146.

On February 11, 2010, Plaintiff's attorney sent Johnson a letter, Ex. 11, providing a list of

---

[7]RFP 34 on Ex. 5 asks for all documents relating to filing and obtaining lien notices from the Department of Motor Vehicles for all loans including Plaintiff's loan.

documents which they felt should have been produced in Defendants' responses, based on Hutcheson's deposition testimony. Ex. 11 includes Plaintiff's statement that it constitutes a good faith attempt to resolve the failure to respond by agreement. Cossitt sent Johnson Ex. 12, a good faith letter also dated February 11, 2010, stating that Defendants failed to produce documents requested in the notice of deposition and RFP, and of which Hutcheson testified at the deposition he was in possession.

Ex. 13 is an email from Hutcheson to a "RitaLange@hutchesonenterprises.com" Requesting a bank statement of "TC Montana", presumably Title Cash, dated February 26, 2010. Cossitt testified that Ex. 13 is significant because it shows that Hutcheson waited 22 days after his deposition to begin asking for documents from his organization.

On March 3, 2010, Plaintiff filed her motion to compel discovery and production of documents (Dkt. 77)[8]. The motion states that the parties agreed at Hutcheson's deposition that Defendants would produce additional documents not produced in response to Plaintiff's RFP, but that no additional documents were produced as of the date of the motion. Plaintiff contends that Defendants failed to respond to discovery requests in violation of Rule 37(a)(4). At the hearing Cossitt testified that Defendants' responses to RFP were not signed as required by Fed. R. Civ. P. 26(g)[9].

Johnson Ex. 14 is a series of emails between Johnson, Cossitt, and Cossitt's associate Jeff

---

[8] At hearing held on March 19, 2010, Cossitt stated that the Plaintiff strikes the second portion of the motion to compel – to compel Roy Hutcheson's attendance at a second deposition. –

[9] The motion to compel at page 7, line 3, states the responses "were signed in violation of FRCP 26(g)." The Court presumes that counsel intended to write "were not signed ...."

Greenwell ("Greenwell").  Johnson sent Greenwell an email dated March 8, 2010, stating: "I have a box of documents I receive on Friday last week pursuant to the request from the deposition.  Where do you want me to take them for copying?"  Ex. 14.  Greenwell forwarded that to Cossitt, who emailed Johnson requesting that he make a formal response under Rule 34(b)(2) specifying what is being produced, by which Defendant, and to which RFP they relate.

Ex. 15 is Cossitt's log of the pile of unmarked documents received from Johnson on March 9, 2010.  Ex. 15 is prepared by Cossitt's paralegal and he reviewed and checked it.  Ex. 15 lists 80 items with descriptions, plus "[n]umerous bank statements that are unlabeled, unmarked and which Kramer has no idea what they relate to."

On March 8 and 9, 2010, Plaintiff filed her motion for sanctions, as amended.  On March 12, 2010, Defendants filed their objection (Dkt. 97) to the motions to compel and for sanctions.  In the objection Johnson contends that Defendants agreed after Hutcheson's deposition to provide Cossitt with several documents "as a courtesy" and that Cossitt agreed to submit an "informal request in letter form."  Defendants argue that the documents they produced "informally" were not provided in response to Plaintiff's RFP because the discovery deadline has passed, and therefore the motions to compel and for sanctions should be denied.

Ex. 16 is Cossitt's "Analysis of Discovery Violations & Identification of Grounds for Motion to Compel & Sanctions."  In Ex. 16 Cossitt analyzes the separate discovery requests, Defendants' responses, and Plaintiff's grounds for sanctions.

Cossitt explained that Plaintiff's RFP discussed on the second and third pages of Ex. 16 went to the changing corporate structure as Title Cash's assets were transferred to EZ Title.  With respect to Title Cash's response, Cossitt states in Ex. 16 that its Procedures Manual was

produced in the box of documents Johnson delivered on March 9, 2010, marked 80 on Ex. 15, but he argues that it was not signed, or supplemented, and that Title Cash never responded to the good faith letters.

With respect to Plaintiff's requests for production from EZ Title, Cossitt states in Ex. 16 that EZ Title produced directors minutes, and its Procedures Manual, and may have produced attachments to Ex. 1, the Asset Purchase Agreement, marked on Ex. 15 at items 54-78, but Cossitt argues that EZ Title's responses were never signed or supplemented, and that Title Cash did not respond to the good faith letters. Cossitt testified that Hutcheson admitted to the existence of numerous exhibits to Ex. 1 at the deposition, but that approximately 90 pages of exhibits to Ex. 1 were not produced, or supplemented, and that it is still unclear to Cossitt whether the items marked on Ex. 15 as 54-78 are the missing Exhibit A. With respect to RFP nos. 5 and 35 to EZ Title, Ex. 5, Cossitt argues in Ex. 16 that no documents were produced, signed or supplemented.

In Ex. 16 Cossitt states that no Defendant has ever responded to Plaintiff's good faith letters, Ex. 11 and 12. Ex. 16 beginning at the seventh page discusses the good faith letters, Ex. 11 and 12, and lists what categories of requested documents still have not been produced, which have been produced, and which are unclear whether they have been produced or not. Cossitt testified that bylaws, board minutes, shareholder minutes, tax returns and financial statements for Hutcheson Enterprises, Inc., from 2005-2009, correspondence between EZ Title and lessees regarding assumption of leases, copies of Title Cash's dissolution plan, information of Title Cash's employee termination and rehiring, Title Cash's utility bills for 6 months prior to the Asset Purchase Agreement, management agreements, correspondence, or other communication

between Hutcheson, Inc.[10], Title Cash and EZ Title, all have not been produced.

Defendants did not call any witnesses, and did not cross examine Cossitt, so his testimony and Ex. 16 are uncontroverted. Johnson argued at the hearing that he thinks the pile of documents he produced on March 9, 2010, were signed. He apologized if any were unsigned and offered to get signatures for any documents Plaintiff wants signed.

With respect to the good faith letters sent by Cossitt, Johnson argued that the documents were requested informally and he told Cossitt they would produce the documents. Johnson stated that the documents produced in response to Ex. 5 came from Hutcheson's Georgia offices and were not in Montana. Other documents were stored in EZ Title's Kalispell office. Johnson contended that he received the box of documents and worked with them over the weekend, but did not have time to categorize them. When asked about Ex. A to Ex. 1, the Asset Purchase Agreement, which was not produced by the client, Johnson answered "I can't defend that and won't try."

## DISCUSSION

Plaintiff moved to compel discovery and for sanctions against Defendants for failure to produce documents, failure to supplement, and failure to sign. Rule 37(a)(1), Fed. R. Civ. P., provides: "(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Samson v. Anderson*

---

[10] The Court interprets Ex. 16's reference to Hutcheson, Inc., to mean Hutcheson Enterprises, Inc.

9

*(In re Professional Hotel & Motel Management)* 13 Mont. B.R. 347, 349 (Bankr. D. Mont. 1994). Based on Cossitt's testimony and the undisputed good faith letters, Ex. 11 and 12, the Court finds that Plaintiff satisfied their certification to confer with the parties failing to make discovery in an effort to obtain it without court action.

Defendants contend that they had an informal agreement to produce the documents after the deposition, and therefore the Court should not grant the motion to compel and motion for sanctions. Defendants' problem is that they did not comply with the informal agreement. Their lack of compliance is shown by Cossitt's testimony and Ex. 16, which are uncontroverted by any evidence in the record. Defendants' attempt to perform under the informal agreement was too little, too late.

A person who has consulted with an attorney "can be charged with constructive knowledge of the law's requirements." *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir.1987). Defendants are represented by counsel. The obligations to respond to requests for production are set forth at Rule 34(b)(2). The duty to supplement was explained in Ex. 2 and Ex. 5, and set forth at Rule 26(e)(1). The duty to sign disclosures and discovery responses is set forth at Rule 26(g)(1). Having failed to produce documents in response to RFPs, as shown by the evidence on Ex. 11, 12, and 16, and Cossitt's testimony, and to supplement, Defendants' arguments that their attorney forgot to tell Hutcheson to sign responses, and lacked time to categorize the documents which they informally agreed to produce, are not persuasive. Defendants' failure to produce the Exhibit A to the Asset Purchase Agreement, Ex. 1, was admitted by their attorney to be indefensible.

Rule 37(a)(3)(B), Fed. R. Civ. P., provides that "a party seeking discovery may move for

an order compelling . . . production, or inspection. This motion may be made if: . . . (iv) a party fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." Rule 37(a)(4) provides: "Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Cossitt's testimony, and Ex. 11, 12, and 16 show that Defendants failed to respond to Plaintiff's RFPs, failed to supplement their responses, and failed to sign their responses on March 9, 2010. The Court rejects Defendants' argument that, because the discovery deadline expired, an order compelling production and for sanctions is not appropriate. This Court has long held that it expects deadlines set by the Rules to be met. *Samson v. Anderson*, 13 Mont. B.R. at 350. "If the Defendant persists in ignoring the applicable rules of discovery and procedure, the Court is left with no choice except to apply the sanctions provided for by those rules". *Id.* This Court already granted Plaintiff's motion to compel Defendants to produce any documents which have not already produced, by April 8, 2010. What remains to be determined are appropriate sanctions.

    Rule 37(a)(5) provides:

> **Payment of Expenses; Protective Orders.**
> **(A) If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing)**. If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action;
>     (ii) the opposing party's nondisclosure, response, or objection was

>> substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.
>
> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances made an award of expenses unjust.

Plaintiff filed her motion to compel discovery, Dkt. 77, on March 3, 2010. The evidence shows that Defendants did not deliver the pile of unorganized, unsigned documents until March 9, 2010. Therefore, having given the Defendants an opportunity to be heard, Rule 37(a)(5)(A) requires this Court to require Defendants to pay the movant's reasonable expenses, including attorney's fees, even if their informal response was satisfactory, because it was not provided until after the motion was filed. The record shows that Defendants' discovery responses were not satisfactory, most glaringly evidenced by the failure to produce Exhibit A to Ex. 1, and by EZ Title's total lack of any response to RFP 34 in Ex. 8, as well as many other instances shown by the record. Defendants also failed to supplement as required by Rule 26(e)(1) and failed to sign responses as required by Rule 26(g)(1).

Considering the factors listed at Rule 37(a)(5)(A)(i), (ii) and (iii), the Court finds that Plaintiff attempted in good faith at the deposition, and by letters, Ex. 11 and 12, to obtain the discovery without court action, but Defendants failed to perform satisfactorily by the terms of their informal agreement. No evidence exists in the record that Defendants' nondisclosure was substantially justified, and the record shows no other circumstances which would make an award of expenses to Plaintiff unjust.

Finally, the Court finds that Defendants' conduct necessitated Plaintiff's motion, and not their attorney. Hutcheson gave Johnson an unorganized pile of documents, which he did not have time to organize before delivering to Cossitt. Therefore the Court will impose sanctions against Defendants and not against their attorney.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above memorandum overruling Defendants' objection and granting Plaintiff's amended motion for sanctions (Dkt. 88); Plaintiff's attorneys will be granted ten (10) days to file an affidavit of professional fees and costs directly related to Plaintiff's motion to compel discovery and production of documents[11] (Dkt. 77); Defendants will be granted 10 days thereafter to file objections and request a hearing on the reasonableness of the amount of professional fees and costs requested, and shall notice the contested matter for hearing if they have any objection; and if no objection is filed the Court will enter a Judgment against Defendants in the amount of Plaintiff's reasonable professional fees and costs incurred directly related to Plaintiff's motion to compel discovery and production of documents.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[11]Cossitt requested at the hearing that the motion to compel be stricken with respect to Hutcheson's attendance at a 2nd deposition. Given that, the Court expects Cossitt's affidavit of professional fees to reflect a reduction in professional fees and costs requested related to the stricken portion of the motion to compel, so that the fees and costs are limited to services relating to the motion to compel discovery and production of documents, and the related portion of the motion for sanctions, and the hearing.

14